SEILER COAL COMPANY, INC. vs. SUPERIOR COURT.

JULY 6, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Attachment on Real Estate.   Release of Attachment.*

There is no statutory authority to release an attachment on real estate whenever a bond to pay judgment has been given to release personal property from attachment but the court, when the attachment is regularly and properly made, has no other authority than that conferred by Gen. Laws, cap. 350, § 21, relating to reduction in amount of damages or a release of a portion of the property attached when such property greatly exceeds the *ad damnum* of the writ.

CERTIORARI.   Record of Superior Court quashed.

RATHBUN, J.   This is a petition for a writ of *certiorari* praying that the record, in the case of the *Seiler Coal Company, Inc.* v. *Kopel Mayberg et al.*, made by the Superior Court of its action in granting the defendants' motion to release from attachment the defendants' real estate which was attached on the original writ in said case, be certified to this court for review, and that so much thereof as is illegal be quashed.   The writ was issued as prayed.

The essential facts as set forth in the petition are not disputed and are as follows:   Said case, which is an action in assumpsit, was commenced by attaching certain real and personal property of the defendants.   By giving a bond to the sheriff as provided by statute, the defendants obtained a release of the personal property from attachment.   The trial of said case resulted in a verdict for the plaintiff.   The trial justice denied the defendants' motion for a new trial and the defendants commenced the usual proceedings to prosecute a bill of exceptions to this court and filed a motion in the Superior Court to release from attachment the real estate which was held under said attachment.   The petitioner contends that the Superior Court in granting said motion acted without jurisdiction.

Except as provided by § 5181, G. L. 1923, the courts of this State are without jurisdiction to release an attachment

regularly and properly made on real estate. *Wood* v. *Watson,* 20 R. I. 223; *Mellen* v. *Battey,* 22 R. I. 395. There is no suggestion as to irregularity in making the attachment. (See *Silva* v. *Superior Court,* 46 R. I. 342, 128 Atl. 212.) Said § 5181 provides as follows: "If the defendant in any writ shall deem the damages laid therein excessive, or if the property, either real or personal, held under any attachment, shall greatly exceed in value the amount of the damages laid in the writ, the defendant may, at any time before final judgment or decree, complain in writing to any justice of the court from which the writ issued, requesting the reduction of the amount of the damages or a release of a portion of the property attached; and such justice may, after due notice to the plaintiff in the writ or to his attorney, and upon cause shown, order the damages to be reduced or a part of the property attached to be released." It was admitted that at the hearing of said motion no evidence was received; therefore, said court could not have found that the property held under attachment greatly exceeded in value the amount of the damages laid in the writ. The motion to release contains no statement of grounds for urging the release and it does not appear that the motion was based on said § 5181. At the hearing before us the contention of the defendants' counsel was that the bond, for the amount of the *ad damnum,* given to release the personal property was ample security for the plaintiff and that it was unfair to permit the plaintiff to retain the attachment on the real estate. The bond may or may not be ample security to satisfy any judgment which the plaintiff may obtain. If the sureties prove to be financially responsible the procedure of collecting from them may be a much slower process than selling the real estate under execution. However, the legislature has given plaintiffs a right to attach real and personal property and when the attachment is regularly and properly made, a court can release the attachment only as provided by statute. The legislature has not authorized the courts to release an attachment on real estate whenever a bond to pay judgment

has been given to release personal property from attachment.

The record of June 13, 1925, of the action of the Superior Court granting the defendants' motion to release real property from attachment is quashed and the records and papers in the case of *Seiler Coal Company, Inc.* v. *Kopel Mayberg et al.* sent to us by the Superior Court are ordered returned to said court.

*Green, Curran & Hart, Henry C. Hart, Harold R. Semple,* for petitioner.

*Robinson & Robinson,* for respondent.